**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ELMER BOYD**                                                                        **PETITIONER**

**VERSUS**                                           **Civil Action No. 3:14cv128-WHB-RHW**

**WARDEN RICE**[1]                                                                  **RESPONDENT**

**REPORT AND RECOMMENDATIONS**

Before the Court are [1] Elmer Boyd's February 7, 2014[2] petition for writ of habeas pursuant to 28 U.S.C. § 2254, and [11] Respondents' April 23, 2014, motion to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d).  Upon review and consideration of the pleadings, records on file, and relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that the motion to dismiss should be granted and the petition for federal habeas relief, denied.

**FACTS AND PROCEDURAL HISTORY**

On August 13, 2002, Boyd pled guilty to one count of armed robbery in the Circuit Court of Lauderdale County, Mississippi, and was sentenced to serve a term of twenty (20) years in the custody of the Mississippi Department of Corrections ("MDOC").  [11-1], [11-3]  Two additional counts of armed robbery were *nolle prossed* in exchange for Boyd's guilty plea. [11-2]  Boyd has admittedly filed no motion for post-conviction collateral relief challenging his plea and sentence to armed robbery in that court. [1, ¶ 10], [6, ¶ 3]  Boyd is currently incarcerated in the East Mississippi Correctional Facility in Meridian, Mississippi.

---

[1] Jerry Buscher is actually the warden at East Mississippi Correctional Facility.

[2] Although the Clerk filed the petition February 14, 2014, under the "mailbox rule," Boyd's petition is deemed filed the day he delivered it to prison officials for mailing to the District Court.  *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)).  Boyd's handwritten petition is undated, but the envelope in which it was received by the Clerk is stamped "approved legal mail February 7, 2014," and postmarked February 10, 2014.

On February 7, 2014, Boyd filed this federal habeas petition, challenging his plea and sentence, stating as grounds that he was discriminated against in his case "because he was the only African American present in the court room at the time of his plea," his attorney did not represent him zealously, and there was a lack of evidence to support the charge against him. [1, p. 5]  On April 23, 2014, Respondents moved to dismiss the action for Boyd's failure to file within the one-year statute of limitation set forth in 28 U.S.C. § 2244(d).  Boyd filed no response, but because the motion is dispositive, the Court addresses the matter on the merits.

## LAW AND ANALYSIS

Respondents urge that Boyd's habeas petition is untimely filed in violation of the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  The time prescribed for filing a petition for federal habeas review of a state court judgment is set out in 28 U.S.C. § 2244(d):

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
>> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Unless the narrow exceptions of §2244(d)(1)(B-D) apply, the AEDPA requires that a federal habeas corpus petition be filed within one year of the date the petitioner's judgment of

2

conviction becomes final, subject to tolling for the period during which a properly filed motion for post-conviction relief is pending in state court.  *See*, *e.g.*, *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003); *Flanagan v. Johnson*, 154 F. 3d 196, n.1 (5th Cir. 1998).  Boyd pled guilty and was sentenced on August 13, 2002.  [11-1], [11-3]  In Mississippi there is no direct appeal from a guilty plea other than the narrow exception carved out by the Mississippi Supreme Court for those appeals alleging an illegal sentence.  Miss. Code Ann. §99-35-101; *Acker v. State*, 797 So.2d 966, n. 1 (Miss. 2001).  In *Seal v. State*, 38 So.3d 635 (Miss. App. 2010), the Mississippi Court of Appeals recognized that the illegal sentence exception does not apply to pleas entered after the July 1, 2008 effective date of the amendment of the statute.  However, the Court applies the law as it existed when Boyd pled guilty, since his plea predated the amendment of the statute, and does not count against the limitations period the 30 days during which he might have appealed, making the earliest date Boyd's judgment became final September 12, 2002.  Since he filed no appeal, Boyd's judgment became final on that date, and the one-year limitation for filing a federal habeas corpus began to run.  *See Roberts*, 319 F.3d 690 at 694 ("the one-year limitations period began to run ... when the thirty-day period for filing a petition for discretionary review in state court ended").  Absent a properly filed application for post-conviction relief to toll the limitations period, Boyd's time for filing a federal habeas petition expired September 12, 2003.  *See Grillette v. Warden*, *Winn Correctional Center*, 372 F.3d 765, 769 (5th Cir. 2004); *Flanagan*, 154 F.3d at 201; *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1473 (1999).  Because Boyd filed no state petition for post-conviction relief, the present habeas petition, filed over ten years after his plea and sentence became final, is time-barred.

The one-year statute of limitations may be subject to equitable tolling, but only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811(5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999)).  The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder*, 204 F.3d at 171.  To be entitled to equitable tolling, the Petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance prevented him from timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder*, 204 F.3d at 174).  It is the Petitioner's burden to establish that he is entitled to equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  Boyd has presented neither evidence nor argument identifying any rare or exceptional circumstance that would justify equitable tolling of the statute of limitations in his case. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("equitable tolling should only be applied if the applicant diligently pursues § 2254 relief."); *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999).  Boyd's failure to set forth extraordinary circumstances justifying his delay in filing the instant petition precludes application of equitable tolling. *See Pace*, 544 U.S. at 419 ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights")(citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990); *McQuiddy v. Ware*, 87 U.S. 14, 20 Wall. 14, 19, 22 L.Ed. 311 (1874)).  Boyd's time for filing a federal habeas petition expired September 12, 2003, and the present petition, should be dismissed as time-barred.

**RECOMMENDATION**

Upon due consideration of the Petition, pleadings on file, and the relevant legal authority, it is the opinion of the undersigned United States Magistrate Judge that Respondent's motion to dismiss should be **GRANTED** and Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254, **DISMISSED.**

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 24th day of September, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE