IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ELMER BOYD                                              PETITIONER

VS.                        CIVIL ACTION NO. 3:14-cv-128-WHB-RHW

WARDEN RICE[1]                                          RESPONDENT

## OPINION AND ORDER

This cause is before the Court on the Report and Recommendation of United States Magistrate Judge Robert H. Walker. After considering the R and R[2] and the other pleadings in this case[3], the Court finds it should be adopted in its entirety.

## I. Discussion

On August 13, 2002, Petitioner, Elmer Boyd ("Boyd"), pleaded guilty to one count of armed robbery in state court, and was sentenced to a 20-year term of imprisonment. Two additional counts of armed robbery were *nolle prossed* in exchange for the guilty plea. Boyd did not appeal and did not file any applications or motions for post-conviction relief in state court.

On or about February 14, 2014, Boyd filed the Petition Under

---

[1] Jerry Buscher is actually the Warden at East Mississippi Correctional Facility.

[2] The parties were required to file objections to the R and R on or before October 8, 2014. No objections were filed.

[3] As Petitioner is proceeding in this case *pro se*, the allegations in his pleadings have been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("2254 Petition"), which is presently before the Court. In response, the State of Mississippi, through its Attorney General Jim Hood, filed a motion seeking its dismissal on the grounds that it was untimely. On review, United States Magistrate Judge Robert H. Walker entered a Report and Recommendation ("R and R"), recommending that the Petition be dismissed as untimely. See R and R [Docket No. 12]. In the R and R, Judge Walker found that the Judgment in Boyd's criminal case became final on September 12, 2002. Id. at 3. To be timely under the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], codified at 28 U.S.C. § 2244(d), Boyd was required to file his 2254 Petition on or before September 12, 2003. As Boyd did not file his 2254 Petition until February 14, 2014, Judge Walker found, and this Court agrees, that the Petition is time barred. See 28 U.S.C. § 2244(d)(providing persons in custody pursuant to a state court judgment a one-year period in which to seek federal habeas corpus relief).

Judge Walker then considered whether the applicable one-year limitations period was extended either (1) by one or more of the exceptions enumerated in 28 U.S.C. § 2244(d), or (2) by the doctrine of equitable tolling. On these issues, Judge Walker found that the limitations period was not statutorily tolled because Boyd had not filed any motions seeking post conviction relief in state court. Id. at 3. Next, Judge Walker found that Boyd had failed to show that equitable tolling should apply in this case. See id. at 4. Upon finding Boyd's 2254 Petition was filed

after the applicable one-year statute of limitations expired, and that the limitations period had not been statutorily or equitably tolled, Judge Walker recommended that the Motion to Dismiss be granted, and Boyd's 2254 Petition be dismissed, with prejudice, as untimely.

After reviewing the R and R, to which no objection has been filed, as well as Boyd's 2254 Petition and the other pleadings in this case, the Court agrees that the Petition is time barred and should be dismissed for that reason.  Accordingly, the Court will adopt Judge Walker's R and R recommending the dismissal of this case.

## II.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the September 24, 2014, Report and Recommendation of United States Magistrate Judge Robert H. Walker [Docket No. 12], is hereby adopted as the ruling of this Court.

IT IS FURTHER ORDERED that the Motion of Respondent to Dismiss [Docket No. 11] is hereby granted.  A Final Judgment dismissing this case with prejudice shall be entered this day.

IT IS FURTHER ORDERED that a Certificate of Appealability should not issue.  Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED this the 4th day of November, 2014.


                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE